SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
JUN 12 2017
JULIA C. DUDLEY, CLERK
BY: /s/ A. Blaylock
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:17mj106
170 Grable Road )
Bristol, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Western____ District of ____Virginia____ *(identify the person or describe property to be searched and give its location):* 170 Grable Road, Bristol, VA (to include the residence, curtilage, garages, outbuildings, campers, persons present, and vehicles present). Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846/841(a)(1)__, and the application is based on these facts: See Attachment C    and/or    841(a)(1)

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Brian Snedeker*
Applicant's signature

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/12/17

*/s/ Pamela Meade Sargent*
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



170 Grable Road, Bristol, VA

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices; specially built hidden compartments or paperwork evidencing the building of hidden compartments on vehicles (such compartments are routinely used by narcotics traffickers to conceal and transport controlled substances and the proceeds from the sale of controlled substances).

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $500.00) or readily transported assets which are used as cash equivalents (cashier's checks, gold, diamonds, precious jewels, etc.).

ATTACHMENT B (Continued)

9. Items listed in Paragraphs 1 and 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 1 and 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for the premises known as 170 Grable Road, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 170 Grable Road, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (26) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of information provided to me by other enforcement officers.

5. Since October 2016, law enforcement agencies have successfully conducted multiple controlled (surveilled and recorded by law enforcement) acquisitions of gram to multi-gram quantities methamphetamine from Gary McFarlane utilizing a confidential source or sources. One or more of said controlled acquisitions has occurred at McFarlane's residence located at 170 Grable Road, Bristol, VA. The last controlled acquisition of methamphetamine occurred during March 2017 and involved a confidential source being fronted (provided the methamphetamine up front with payment due at some future time/date) or otherwise supplied with a multi-gram quantity of methamphetamine by Gary McFarlane.

6. During the afternoon of 05-01-2017, a law enforcement officer observed a white Ford Mustang with a Tennessee license plate parked at McFarlane's residence. The officer was familiar with the vehicle and had observed it at the residence on multiple days during the preceding week. The officer was aware that the license plate on the Mustang did not belong/come back to that particular vehicle. The officer positioned himself on a nearby road and waited to see if the Mustang would be driven out of the area. Approximately (30) minutes after observing the Mustang at McFarlane's residence, the officer performed a vehicle stop on the Mustang as it was being driven

on the nearby road. Gary McFarlane was operating the vehicle and another individual (hereafter referred to as "Person A") was in the front passenger seat. McFarlane granted verbal consent to search the Mustang. On Person A's seat, the officer found and seized a small plastic container further containing a small, clear Ziploc-type bag filled with a crystalline substance (this affiant was present with the officer when the crystalline substance was subsequently chemically field tested with positive results for methamphetamine). The officer found and seized a glass smoking device ("meth pipe") wrapped in a red cloth under Person A's seat. From inside the center console of the vehicle, the officer found and seized (2) digital scales and a black, zippered pouch containing various items including a (100) gram weight (the type commonly utilized to calibrate digital scales), numerous new/unused, clear, small, Ziploc-type bags (like the bag containing the chemically tested crystalline substance/methamphetamine referenced above), and a USB jump/flash drive.

After being Mirandized by the officer and agreeing to answer questions at the scene, McFarlane claimed ownership of all the items recovered from the center console and denied ownership of the plastic container with the crystalline substance/methamphetamine recovered from Person A's seat.

Person A granted consent to search his pockets, and the officer recovered a piece of straw with an angle cut at one end (user paraphernalia).

After being Mirandized by the officer and agreeing to answer questions, Person A admitted being a methamphetamine user, but denied ownership of the plastic container with the crystalline substance/methamphetamine recovered from Person A's seat. Person A claimed that he had been residing at McFarlane's residence for the last week to week and a half. Person A claimed that himself and McFarlane had just departed McFarlane's residence when the officer stopped them.

McFarlane was not arrested. Person A was arrested in relation to an outstanding warrant.

7. During the morning of May 18, 2017, a law enforcement officer attempted to stop McFarlane as he was observed driving (McFarlane has a suspended driver's license) a car in Bristol, VA. McFarlane eluded the officer, abandoned his vehicle on a city street, and fled on foot.

8. During mid-May 2017, a source of information advised law enforcement that Amy McFarlane (Amy McFarlane Mann – Gary McFarlane's sister) is a methamphetamine trafficker in Bristol, VA who supplies Gary McFarlane with methamphetamine. On May 18, 2017 Amy McFarlane was arrested in Bristol, VA and charged with possession of methamphetamine. On May 30, 2017, approximately (4½) ounces of methamphetamine were recovered/seized by law enforcement from Amy McFarlane's car after a brief car chase in Bristol, VA.

9. A review of Gary McFarlane's criminal history revealed his 04-08-2016 arrest in Bristol, VA for Possession With Intent to Distribute a Schedule I or II Controlled Substance and Possession of a Schedule I or II Controlled Substance. Disposition is pending on both charges.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property.

11. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that persons who distribute and/or conspire to distribute methamphetamine routinely have individuals who are customers and/or co-conspirators present at their residences, garages, outbuildings/barns, and campers. These customers/co-conspirators are typically drug users and drug traffickers themselves as they generally sell some (if not all) of the methamphetamine they purchase in order to make a profit, pay for their own drug habits, or both. These customers/co-conspirators often illegally possess methamphetamine and drug use paraphernalia along with notes, records, messages, and telephone numbers (pertaining to the acquisition/distribution of methamphetamine), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons and in their vehicles (or the vehicles they operate) which are oftentimes parked at or in the immediate vicinity of their sources'/co-conspirators' residences.

12. Methamphetamine traffickers are regularly found to be methamphetamine users as well. Methamphetamine use routinely causes individuals to act in a paranoid, aggressive, and oftentimes panicked manner thereby presenting a significantly increased level of danger to law enforcement. Methamphetamine traffickers routinely maintain/utilize firearms to protect their methamphetamine, related proceeds, and sales locations and thus present a significantly increased level of danger to law enforcement. Law enforcement has observed .40 caliber pistol ammunition and a pistol magazine in McFarlane's residence on multiple occasions during the last year. Law enforcement has also observed video security cameras covering McFarlane's residence/property. This affiant believes that the above presents reasonable suspicion that knocking and announcing the presence of law enforcement officers at the time of the execution of this search warrant would prove dangerous to the law enforcement officers involved in the execution of the search warrant.

13. Gary McFarlane's known residence is 170 Grable Road, Bristol, VA (located within the Western District of Virginia).

14. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 170 Grable Road, Bristol, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____      6-12-2017
Brian Snedeker, Special Agent (DEA)     Date

Subscribed and sworn to before me, this the ___12th___ day of __June, 2017__
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia